FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

00 MAY 26  PM 3: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

RICKY L. ADAMS, et al.,           )
                                  )
   Plaintiffs,                   )
                                  )
   v.                            )          CV 00-BU-1160-M
                                  )               1106
BLUE   CROSS   AND   BLUE         )
SHIELD OF ALABAMA,                )          ENTERED
                                  )
   Defendant.                    )          MAI 26 2000

## Memorandum Opinion

     In this action removed from state court, Plaintiffs claim that Defendant Blue Cross and Blue Shield of Alabama is liable for failure to pay health benefits under a plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., (Count I); for breach of contract under Alabama law (Count II); for breach of fiduciary duty under ERISA (Count III); for fraudulent concealment under Alabama law (Count IV); and for attorney's fees under ERISA (Count V). Now before the Court is Defendant's motion to dismiss. (Doc. No. 2). Plaintiffs have filed their response to the motion, and Defendant fired the last shot with its reply. The Court concludes that the motion is due to be **GRANTED IN PART,** insofar as it requests (1) dismissal with prejudice of Plaintiffs' state law contract and fraud claims, as preempted by ERISA; (2) dismissal without prejudice of the ERISA breach of fiduciary duty claims; and (3) that Plaintiffs' jury demand be stricken. However, Defendant's motion is due to be **DENIED IN PART,** to the extent it seeks for the ERISA breach-of-fiduciary-duty claims to be dismissed with prejudice.

1

## I. BACKGROUND

Plaintiffs originally filed their complaint in this action on March 23, 2000, in the Circuit Court of St. Clair County, Alabama.  An examination of that complaint reveals the following allegations: In 1989, Plaintiffs' employer, JW Transport, Inc. (a/k/a Bama Transportation U.S.A.), entered into a contract with Defendant whereby JW Transport would pay premiums on behalf of its employees in exchange for group health insurance for its employees, provided by Defendant.  Plaintiffs assert that this policy was an employee welfare benefit plan covered by ERISA, and that they were qualified participants under the plan. On October 19, 1999, Defendant notified JW Transport that the health insurance policy was being canceled, retroactive to July 1, 1999, because JW Transport had allegedly failed to pay the full premiums owed in June, July, and August 1999.  Prior to September 29, 1999, Defendant failed to advise Plaintiffs, however, either that the policy was not in effect, that the policy was in danger of not being in effect, that premiums on the policy had not been properly paid, or that Plaintiffs could take other measures to insure continued or alternate health insurance coverage.  Plaintiffs claim that, as the result of Defendant's cancellation of the policy with JW Transport and Defendant's failure to notify them in a timely fashion of such cancellation, they and their dependents, who were also covered under the plan, incurred medical expenses from July 1, 1999 to October 1999, which would have been covered under the policy.

In Count I of the complaint, Plaintiffs assert that Defendant is liable under ERISA to pay benefits under the plan.  In Count II, Plaintiffs claim that Defendant's failure to pay benefits under the plan also subjects it to liability under Alabama law for breach of contract.  As a proximate result of this breach, Plaintiffs contend, they lost benefit of the policy, and they "experienced frustration, mental anguish and emotional distress . . . ." Complaint ¶ 58.  In Count III, Plaintiffs maintain that Defendant is liable to them for allegedly breaching fiduciary duties imposed under ERISA.  More specifically, Plaintiffs claim that Defendant breach fiduciary duties by (1) by failing to notify Plaintiffs regarding

any failure on the part of their employer to meet minimum funding standards by properly paying premiums, allegedly in violation of 29 U.S.C. § 1021(d); (2) by failing to notify Plaintiffs regarding their rights to seek alternate coverage or make election for Comprehensive Omnibus Budget Reconciliation Act ("COBRA") insurance coverage; and (3) by failing to properly delegate the fiduciary duty imposed by 29 U.S.C. § 1021, allegedly in violation of 29 U.S.C. § 1105(c). In Count IV, Plaintiffs claim that Defendant is liable under Alabama law for fraudulent concealment, see § 6-5-101, Ala. Code 1975, for allegedly failing to disclose that their employer had failed to pay the full premiums, that the Plaintiffs were at risk for a lapse in coverage, and that Plaintiffs needed to take measures if they desired to retain health insurance coverage. In Count V, Plaintiffs seek attorney's fees and costs under ERISA, see 29 U.S.C. § 1132. Plaintiffs demanded a jury trial on all issues.

Defendant was served by certified mail on March 27, 2000. On April 26, 2000, Defendant removed the action to this Court. See 28 U.S.C. §§ 1132(e)(1), 1331, 1441, 1446. On May 3, 2000, Defendant filed the pending motion to dismiss and strike Plaintiffs' demand for a jury trial. Plaintiffs filed their response on May 19, 2000. The Court now turns to the merits of Defendant's motion.

## II. CONTENTIONS & ANALYSIS

### A. Preemption of the Contract and Fraudulent Concealment Claims

Defendant first argues that Plaintiffs' state law claims for breach of contract and fraudulent concealment are preempted by ERISA. "ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Ingersoll-Rand v. McClendon, 498 U.S. 133, 137 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85-90 (1983). "The statute imposes participation, funding, and vesting requirements on pension plans. It also sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plans." Id. (quoting Shaw, 463 U.S. at 91). Under 29 U.S.C. § 1144(a), ERISA's

provisions "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." A state law " 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995) (quoting Shaw, 463 U.S. at 96-97). Under this expansive definition, an employee's state law cause of action relates to an ERISA benefit plan, and is thus preempted, "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Hall v. Blue Cross/Blue Shield of Alabama, 134 F.3d 1063, 1065 (11th Cir. 1998) (quoting Garren v. John Hancock Mutual Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997). See also Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1215 (11th Cir. 1999).

There is no dispute that the insurance policy at issue in the instant case is a plan covered by ERISA. And it cannot be seriously argued that Plaintiffs' state law contract claims are not based upon Defendant's refusal to pay benefits under the plan. Plaintiffs suggest that their contract claims are not preempted because they seek extra-contractual and punitive damages on these claims. However, the type of relief prayed for by a plaintiff cannot itself take a state law claim outside the scope of ERISA preemption. See Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1354 n.11 (11th Cir. 1998). Plaintiffs' contract claims unquestionably "relate to" the plan and are preempted. See Butero, supra. See also Swerhun v. Guardian Life Ins. Co. of America, 979 F.2d 195, 198 (11th Cir. 1992), and cases cited therein. Plaintiffs' state law fraudulent concealment claims are also preempted because they depend upon the existence of a duty to disclose, which, in turn, necessarily depends on an interpretation of the fiduciary duties imposed by ERISA. See Phillips v. Amoco Oil Co., 799 F.2d 1464, 1470 (11th Cir. 1986); see also Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335, 1341 n.6 (11th Cir. 1992) (holding that if a defendant insurer breached a legal duty to disclose to employee beneficiaries of an ERISA health insurance plan that their employer was not keeping

current on premium payments and thus allowed coverage to lapse, such a duty is imposed on the insurer by the fiduciary requirements of ERISA and not by Alabama state law, whose pronouncements on the insurer's disclosure obligations are preempted). Accordingly, Defendant's motion seeking the dismissal with prejudice of Plaintiffs' state law contract and fraud claims as preempted by ERISA is due to be granted.

### B. The Breach-of-Fiduciary-Duty Claim under ERISA

As stated previously, in Count III of the complaint Plaintiffs allege that Defendant is liable for breaching fiduciary duties established by ERISA, based upon Defendant's alleged failure to disclose to Plaintiffs, as beneficiaries of the plan, that Plaintiffs' employer was not timely making the required premium payments to keep the policy in force and effect. In its motion, Defendant argues that Plaintiffs allegations in Count III fail to state a claim under ERISA upon which relief can be granted. Frankly, the Court considers that there is a good possibility that, under the law of this circuit, Plaintiffs' complaint states a claim for breach of fiduciary duties under ERISA. See Willett v. Blue Cross and Blue Shield of Alabama, supra (holding that an insurer might be liable to plan beneficiaries for the breach fiduciary disclosure requirements imposed under ERISA, if the insurer fails to notify beneficiaries in a timely fashion that their health coverage lapsed for non-payment of premiums by their employer, even if insurer's duty to give such notice was secondary to the employer's, where the insurer has reason to know that the employer has failed to carry out its notice obligations). However, in their response to Defendant's motion, Plaintiffs expressly request that their ERISA claims for breach of fiduciary duties be dismissed without prejudice, in order that Plaintiffs might conduct further inquiry before bringing these claims. In its reply, Defendant counters that these claims should be dismissed with prejudice. But based on Willett it appears that Plaintiffs might be able properly to allege such claims, so the claims of Count III will be dismissed without prejudice and with leave to amend. See Bank v. Pitt, 928 F.2d 1108, 1111 (11th Cir. 1991) ("Where it appears a more carefully drafted complaint might state a claim upon which

relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint . . . .") To the extent that Defendant's motion seeks dismissal of the ERISA breach of fiduciary duty claims with prejudice, the motion is due to be denied.

## C. Demand for a Jury Trial

Plaintiffs have demanded a jury trial on all issues. Defendant, however, moves to strike this demand, arguing that since only ERISA claims for benefits remain, Plaintiffs are not entitled to a jury trial. Plaintiffs counter that they are entitled to a jury trial on their ERISA claims based upon two decisions of the Alabama Supreme Court, Weems v. Jefferson-Pilot Life Ins. Co., 663 So. 2d 905, 913 (Ala.), cert. denied, 516 U.S. 971 (1995); Ex parte Metropolitan Life Ins. Co., 679 So. 2d 686, 688 (Ala. 1996). In those cases, the Alabama Supreme Court held that courts are authorized to award extra-contractual and punitive damages under ERISA where such damages are warranted by the facts of the case and that the right to recover such damages necessarily implied the right to a jury trial on ERISA claims. Plaintiffs emphasize that they seek extra-contractual and punitive damages on their ERISA claims, and that they are, therefore, entitled to a jury trial on those claims.

What Plaintiffs seem to fail to recognize is that on this issue, which concerns the interpretation of ERISA, a federal law, this Court is bound to follow the decisions of the United States Court of Appeals for the Eleventh Circuit, not the Alabama Supreme Court. See Anderson v. Metropolitan Life Ins. Co., 1997 WL 115863, *1 (N.D. Ala. 1997) (where Judge Acker granted defendant's motion to strike plaintiff's jury demand on ERISA claim based upon controlling Eleventh Circuit law, while recognizing Alabama state courts, in some cases, afford jury trials to ERISA claimants under Weems and Ex parte Metropolitan Life). It is well established in the Eleventh Circuit that Plaintiffs have no statutory or constitutional right to a jury trial under ERISA. See, e.g., Broaddus v. Florida Power Corp., 145 F.3d 1283, 1287 n.** (11th Cir. 1998); Blake v. Unionmutual

Stock Life Ins. Co. of America, 906 F.2d 1525, 1526 (11th Cir. 1990); Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir. 1987); Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir. 1987).  Moreover, it is clear that, in this Court, Plaintiffs cannot recover extra-contractual or punitive damages on their ERISA claims, Godfrey v. BellSouth Telecommunications, Inc., 89 F.3d 755, 761 (11th Cir. 1996); McRae v. Seafarers' Welfare Plan, 920 F.2d 819, 821 (11th Cir. 1991); Bishop v. Osborn Transportation, Inc., 838 F.2d 1173 (11th Cir.), cert. denied, 488 U.S. 832 (1988).  Accordingly, Defendant's motion to strike Plaintiffs' jury demand is due to be granted.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion (Doc. No. 2) is due to be **GRANTED**.  As a result, Plaintiffs' state law contract and fraudulent concealment claims are due to be **DISMISSED WITH PREJUDICE** as preempted by ERISA; Plaintiffs' ERISA claims for breach of fiduciary duty are due to be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**, and Plaintiffs' demand for a jury trial is due to be **STRICKEN**.  Accordingly, the only claims remaining at this point are Plaintiffs' claims for benefits and attorney's fees under ERISA, under Counts I and V of their complaint.

**DONE and ORDERED** this 26th day of May, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE