UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RICKY L. ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV 00-BU-1106-M |
| ) | |
| BLUE CROSS AND BLUE ) | |
| SHIELD OF ALABAMA, ) | ENTERED |
| ) | |
| Defendant. ) | SEP 0 7 2000 |

## Memorandum Opinion

Now before the Court is a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) by Plaintiffs/Counterclaim Defendants Ricky L. Adams ("Adams") and Jerry G. Williams ("Williams") to dismiss counterclaims asserted by Defendant/Counterclaim Plaintiff Blue Cross and Blue Shield of Alabama ("Blue Cross"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (Doc. No. 21). The parties have now filed briefs on the motion, which is now ripe for decision. The Court concludes that the motion to dismiss is due to be GRANTED.

### I. LEGAL STANDARDS

In determining whether a counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6), the Court applies the same standards that are applied when considering a motion to dismiss a complaint for failure to state a claim on which relief may be granted. Ramada Franchise Systems, Inc. v. Tresprop, Ltd., 75 F.Supp.2d 1205, 1208-09 (D. Kan. 1999); Fort Washington Resources, Inc. v. Tannen, 153 F.R.D. 565, 566-67 (E.D. Pa. 1994). Thus, the allegations in the counterclaim are to be taken as true, Walker Process Equip. v. Food

Mach. & Chem. Corp., 382 U.S. 172, 174-75 (1965), and all reasonable inferences must be drawn in favor of the nonmoving party. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). See also, e.g., White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999) (applying these standards to the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6)). Adams and Williams' Rule 12(b)(6) motion should be granted only if it appears beyond doubt that Blue Cross can prove no set of facts in support of its allegations which would entitle it to relief. See White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999).

## II. BACKGROUND

In this action, Plaintiffs, which include Williams and Adams, claim that Blue Cross is liable under ERISA to pay medical benefits and for breaching fiduciary duties under ERISA.[1] Plaintiffs' employer, JW Transport, Inc. (a/k/a Bama Transportation U.S.A.) ("JW Transport") entered into a contract with Blue Cross whereby the latter agreed to provide group health insurance to the former's employees. The parties agree that this arrangement was an employee welfare benefit plan subject to ERISA. Plaintiffs contend that on October 19, 1999, Blue Cross notified JW Transport that the health insurance policy was being canceled, retroactive to July 1, 1999, because JW Transport allegedly failed to pay the full premiums owed in June, July, and August 1999. According to Plaintiffs, however, JW Transport sent premium payments for those months to Blue Cross, which allegedly accepted them. Thus, Plaintiffs claim, Blue Cross wrongfully canceled the policy and denied them benefits for medical expenses Plaintiffs and their dependents, who were also beneficiaries under the plan, incurred from July 1, 1999 to October 1999. In addition, Plaintiffs claim Blue Cross breached a fiduciary duty imposed upon it by ERISA by allegedly failing to advise them prior to September 29, 1999 that the

---

[1] Plaintiffs also seek to recover attorney fees under ERISA. In addition, Plaintiffs initially sought to recover for breach of contract and fraud under Alabama state law, but the Court has previously ruled that such claims are preempted by ERISA.

policy was not in effect, that the policy was in danger of not being in effect, that premiums on the policy had not been properly paid, or that Plaintiffs could take other measures to insure continued or alternate health insurance coverage.

In its counterclaim, Blue Cross avers that Adams was JW Transport's "group administrator," Counterclaim at ¶ 12, while Williams was JW Transport's President, id. at ¶ 9. Blue Cross asserts that they were also "fiduciaries" to the plan within the meaning of ERISA under 29 U.S.C. §§ 1002(16) and 1104, as well as "parties in interest" to the plan under 29 U.S.C. § 1002(14). Blue Cross claims that on September 22, 1999 it sent a letter to JW Transport, to the attention of Adams, as the group administrator, advising that coverage under the policy had lapsed effective July 1, 1999 for non-payment of premiums and that it was JW Transport's fiduciary obligation to notify its employees that they no longer had coverage. Counterclaim at ¶ 12. Blue Cross alleges that neither Adams nor Williams so notified JW Transport's employees, and by that failure, Blue Cross charges, they breached fiduciary obligations owed under ERISA. Based on these principal allegations, Blue Cross claims that it is entitled to equitable indemnity and contribution from Adams and Williams personally for any health benefit claims for the period July to September 1999 for which Blue Cross is ultimately found liable (Count One). Blue Cross also asks the Court to declare that Williams and Adams breached their fiduciary duties to the plan (Count Two). Blue Cross also contends that Williams and Adams have engaged in "prohibited transactions" under 29 U.S.C. § 1106 that resulted in premiums not being paid for the months of June, July, and August 1999, and that, if Blue Cross is found liable to cover claims for that period, then Adams and Williams are personally liable to pay premiums for such coverage (Count Three). Blue Cross also seeks attorney fees under ERISA.

### III. CONTENTIONS & ANALYSIS
#### A. Indemnification and/or Contribution under ERISA between Co-fiduciaries

In their motion to dismiss, Adams and Williams argue, inter alia, that, even assuming they had fiduciary obligations under ERISA, which they dispute, Blue Cross has no right as a co-fiduciary to proceed against them under ERISA[2] for contribution or indemnification. Whether such actions are available has not been directly addressed by the Supreme Court or the Eleventh Circuit, and there is a sharp split of authority on the issue in both the circuit and district courts. Indeed, there is even a split among district courts within this circuit. Compare Jones v. Trevor, Stewart, Burton and Jacobsen, Inc., 1992 WL 252137 (N.D. Ga. 1992) (holding that there is a right of contribution and indemnification among co-fiduciaries under ERISA) with Hollingshead v. Burford Equipment Co., 747 F.Supp. 1421, 1445 (M.D. Ala. 1990) (holding that there is no such right).

In support of its position that co-fiduciaries may seek contribution and/or indemnification for a breach of duty under ERISA, Blue Cross relies primarily upon the Second Circuit's decision in Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12 (2nd Cir. 1991), and other cases finding its reasoning persuasive. In reversing a district court judgment, two members of the Chemung panel held, over the dissent of the third judge, that while ERISA did not provide an express or implied right of indemnification or contribution, the court could fashion such rights under federal common law based on the traditional law of trusts, under which a right of contribution among breaching co-trustees was well established. See 939 F.2d 15-18. About six months later, the Eleventh Circuit in Useden v. Acker, 947 F.2d 1563, 1581 (11th Cir. 1991), indicated that it approved of Chemung's approach in examining whether a specific principle of the common law of trusts was contemplated by Congress when considering whether that principle should be incorporated into ERISA. This was obiter dicta,

---

[2]In its opposition to the motion to dismiss, Blue Cross expressly disclaims any reliance upon state law with respect to its contribution and indemnification counterclaims.

however, as the Useden court concluded that there was not an enumerated or unenumerated right under ERISA to sue a non-fiduciary for money damages based upon his knowing participation in a fiduciary's breach of duty, although such was permitted under traditional trust law. Id. at 1579-1582. Nonetheless, the Chemung court's approach and the Useden court's passing note of approval thereof was sufficient to convince at least one district court within this circuit that a right of contribution and indemnity among co-fiduciaries should be read into ERISA based on federal common law. See Jones, supra.

However, this Court is convinced that if there is a right to indemnification or contribution under ERISA, it must exist by virtue of the statutory text of ERISA's remedial scheme, not federal common law, as posited by the Chemung court. Both the Supreme Court and the Eleventh Circuit have emphasized their unwillingness to infer remedies in the ERISA context based upon federal common law, since the statute's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.' " Mertens v. Hewitt Associates, 508 U.S. 248, 254 (1993) (quoting Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146-47 (1985)). See also Sanson v. General Motors Corp., 966 F.2d 618, 622 (11th Cir. 1992) (declining to create an ERISA fraud action based on federal common law); Useden, supra; McRae v. Seafarers' Welfare Plan, 920 F.2d 819, 821 (11th Cir. 1991) (extra-contractual damages are not available under ERISA § 502(a)(3) or under federal common law); Bishop v. Osborn Transportation, Inc., 838 F.2d 1173 (11th Cir. 1988), (holding that a beneficiary cannot obtain punitive damages under 29 U.S.C. § 1132(a)(3)); Dime Coal Co., Inc. v. Combs, 796 F.2d 394 (11th Cir. 1986) (holding employer had no implied private right of action under 29 U.S.C.A. § 1103(c)(2)(A)(ii), authorizing trustees of multi-employer employee welfare or pension benefit plans to refund mistaken overpayments by employer). See also Hollingshead, supra. Indeed, the Supreme Court has stated that "[t]he authority of courts

to develop 'federal common law' under ERISA is not the authority to revise the text of the statute." Mertens, 508 U.S. at 259 (citation omitted).

Moreover, the Chemung majority seems to have assumed that traditional trust remedies should be read into ERISA unless there is an indication that "[C]ongress intended to preclude such remedies." 939 F.2d at 18. However, the Supreme Court's analysis in Mertens indicates that such is not the correct approach. In that case, plan beneficiaries sought to recover money damages under 29 U.S.C. § 1132(a)(3) from a non-fiduciary who knowingly participated in a fiduciary's breach of duty. See 508 U.S. at 255-259. While seemingly willing to assume that ERISA did not bar such a suit, the Court stated that such was not the issue. 508 U.S. at 255 n.5. Rather, the Court said, whether a particular suit is permitted under ERISA depends upon whether the statute "affirmatively authorizes such a suit" and that to meet that requirement it is not enough to observe that a particular remedy was available at common law. Id. (emphasis original). Thus, the Court concluded, even though money damages were traditionally available from a court of equity against a non-fiduciary who knowingly participated in a fiduciary's breach, such damages still could not be recovered under § 1132(a)(3), which limited recovery to "equitable relief," because damages were not included in "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution . . . .)" Id. at 256 (emphasis original).

The Court also agrees with the Chemung dissent that 29 U.S.C. § 1105 indicates that Congress clearly did contemplate that a co-fiduciary would, in certain circumstances, be liable for another fiduciary's breach of duty. 939 F.2d at 19 (Altimari, J., concurring in part and dissenting in part). Furthermore, Congress was presumably aware that traditional trust law provided remedies of indemnification and contribution in such circumstances. Id. Therefore, if Congress omitted a remedy of indemnity or contribution in ERISA's comprehensive and detailed remedial scheme, such is sufficient to show that

Congress did not intend for such remedies to be created, and a court should not read such rights into the statute. Id.

Blue Cross first suggests that it might sue Adams and Williams for indemnification or contribution based upon a breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). That subsection provides, in pertinent part, that a civil action may be brought "by . . . a . . . fiduciary for appropriate relief under section 1109 of this title." In turn, the referenced section, 29 U.S.C. § 1109, provides in pertinent part,

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to other equitable or remedial relief as the courts may deem appropriate, including removal of such fiduciary.

The Supreme Court has indicated, however, that it is "persuade[d]" that 29 U.S.C. § 1109, and by implication 29 U.S.C. § 1132(a)(2), does not "authorize any relief except for the plan itself." Russell, 473 U.S. at 144. Because Blue Cross's counterclaims for indemnity and contribution against Adams and Williams do not purport to be brought on behalf of the plan, Blue Cross cannot rely upon section 1132(a)(2) as authorization for such claims. See Call v. Sumitomo Bank, 881 F.2d 626, 630-31 (9th Cir. 1989); Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir. 1989); Daniels v. National Employee Ben. Services, Inc., 877 F.Supp. 1067, 1073 (N.D. Ohio 1995); NARDA, Inc. v. Rhode Island Hosp. Trust Nat. Bank, 744 F.Supp. 685, 698 (D. Md.1990).

The Court believes that the only place in ERISA's remedial scheme where a suit for contribution or indemnification against a co-fiduciary might be authorized is section 502(a)(3), codified at 29 U.S.C. § 1132(a)(3). That subsection provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B)

to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." In Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court held that this subsection is "a kind of 'catchall'" under which beneficiaries could themselves secure equitable relief for a breach of duty by a fiduciary.

It might be assumed that, in seeking indemnification and/or contribution, Blue Cross is requesting "equitable relief" within the meaning of § 1132(a)(3), and that such relief might be "appropriate," at least in the sense that contribution and indemnification among co-fiduciaries were remedies authorized under traditional trust law. See Chemung, supra; Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc., ___ U.S. ___, ___, 120 S.Ct. 2180, 2189-90 (2000) (examining whether certain relief is "appropriate" under § 1132(a)(3) by examining traditional trust law). However, § 1132(a)(3) "does not . . . authorize 'appropriate equitable relief' at large, but only 'appropriate equitable relief' for the purpose of 'redress[ing any] violations or . . . enforc[ing] any provisions' of ERISA or an ERISA plan." Harris, supra, ___ U.S. at ___, 120 S.Ct. at 2187 (quoting Peacock v. Thomas, 516 U.S. 349, 353 (1996) (quoting Mertens, supra, at 253 (emphasis and alterations in original))). And, although the Court finds it to be a close question, the Court concludes that an action for contribution or indemnification against Adams and Williams, under the circumstances present here, does not "redress" any violation of the plan or ERISA, as required by 29 U.S.C. § 1132(a)(3). The substantive provisions of ERISA provide for co-fiduciary liability for breach in certain circumstances, but not any express right of indemnity or contribution. See 29 U.S.C. § 1105. Nor is there any allegation that the terms of the plan here create such rights in favor of Blue Cross and against Williams or Adams personally. Rather than redressing a violation of ERISA or the plan, an action for contribution or indemnity merely "rectifies the perceived unfairness of placing the loss on a party who is liable only because of the actions of

another . . . ." Meoli v. American Medical Services of San Diego, 35 F.Supp.2d 761, 763-64 (S.D. Ca. 1999). See also NARDA, 744 F.Supp. at 698. But see Youngberg v. Bekins Co., 930 F.Supp. 1396, 1401 (E.D. Ca. 1996). No matter how wise or desirable it might be to allow a fiduciary to pursue an action for contribution against his co-fiduciary under ERISA, the Court concludes that no such rights were created by Congress under 29 U.S.C. § 1132, nor will this Court imply such remedies under federal common law. The Court determines that Blue Cross may not maintain its counterclaims against Adams and Williams for indemnification or contribution under ERISA, based upon their alleged breach of fiduciary duty. Accordingly, the motion to dismiss is due to be granted as it relates to Counts One and Two of Blue Cross's counterclaim.

### B. Prohibited Transaction Count

In Count Three of its counterclaim, Blue Cross asserts that Adams and Williams "engaged in prohibited transactions in violation of 29 U.S.C. § 1106 that resulted in premiums not being paid on behalf of the [JW Transport] Plan participants for the months of July - September 1999." Blue Cross requests that the Court find that Adams and Williams engaged in prohibited transactions and order them personally to pay the premiums owed under the contract. Williams and Adams argue that the obligation to pay premiums under the contract was upon JW Transport, not them personally. Therefore, they argue, Blue Cross cannot sue them individually for the premium payments.

The Court concludes that this claim is due to be dismissed without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Frankly, the Court has little clue as to what Blue Cross is claiming here. The fact that JW Transport allegedly failed to make premium payments, even if Williams and/or Adams were responsible for submitting such payments on behalf of JW Transport, does not, standing alone, suggest that Williams or Adams engaged in a prohibited transaction under

ERISA or that they should be held personally liable to pay the premiums, which are owed by their employer under the plan documents. As stated, Blue Cross's allegations are insufficient to state a claim for a violation of 29 U.S.C. § 1106. Accordingly, the motion to dismiss is due to be granted as it pertains to this counterclaim.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Blue Cross may not maintain an action for indemnification or contribution under ERISA against Williams or Adams. The Court also concludes that Blue Cross's allegations are insufficient to state a claim based upon an alleged prohibited transaction under 29 U.S.C. § 1106. Therefore, the motion to dismiss filed by Adams and Williams is due to be GRANTED. Blue Cross's counterclaims will thus be dismissed without prejudice.

**DONE** and **ORDERED** this 6th day of September, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE